**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANDREW P. MOORE, II, etc.,

          Plaintiff,

vs.                                             Case No. 3:04-cv-1057-J-32HTS

JOHN E. POTTER, POSTMASTER
GENERAL, etc.,

          Defendant.

**ORDER**

This case is before the Court on plaintiff's Motion for Order that Includes Documented Reasons for Decision in Response to Motion for Recusal and Reassignment (Doc. 24). Upon consideration, plaintiff's motion is **GRANTED**. The undersigned had previously denied plaintiff's motion for recusal and reassignment (see Order, Doc. 22) and now **vacates** that Order and replaces it with this one.

Title 28 U.S.C. §455 provides that a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §455(a). Disqualification is also required "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings," or if the judge has an "interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. §455(b)(1), (4).

In addressing whether a judge's impartiality might reasonably be questioned, the Court asks "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt

about the judge's impartiality." United States v. Patti, 337 F.3d 1317, 1322 (11th Cir. 2003) (citations and quotations omitted). However, while a judge must recuse when proper grounds exist, a judge has an obligation "not to recuse when there is no occasion for him to do so." Hinman v. Rogers, 831 F.2d 937, 939 (11th Cir. 1987). See also, Carter v. West Publ'g Co., No. 99-11959-EE, 1999 WL 994997, at *1-2 (11th Cir. Nov. 1, 1999) (Tjoflat, J.) (citing Hinman and noting that while doubts must be resolved in favor of disqualification, first "there must actually exist some reasonable doubt concerning the judge's impartiality").

Plaintiff moved the undersigned to recuse because 1) in a now dismissed lawsuit brought by plaintiff against the undersigned (and other federal judges, employees, agencies, and attorneys),[1] the undersigned was represented by the Department of Justice which now represents the defendant Postmaster in this case;[2] and 2) in that earlier lawsuit, the defendant Postmaster was also named as a defendant- - both events which plaintiff claims raise a conflict of interest for the undersigned, disqualifying him from presiding over this case.

The undersigned finds that the grounds raised by plaintiff are not such that the undersigned's impartiality can reasonably be questioned, nor do they implicate any "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings," or any "interest that could be substantially affected by the

---

[1] See Moore v. Schlesinger, Case No. 3:01-cv-108-ORL-31KRS (M.D. Fla. 2001). The judges who plaintiff sued, including the undersigned, were eventually dismissed based on judicial immunity, a ruling affirmed by the Eleventh Circuit.

[2] The issue regarding proper service upon the defendant Postmaster will be addressed by separate Order.

2

outcome of the proceeding" within the meaning of 28 U.S.C. §455(a) or (b).  In fact, the Committee on Codes of Conduct, which is authorized by the Judicial Conference of the United States to publish formal advisory opinions on issues of judicial conduct, has published opinions counseling against disqualification in these circumstances.

Advisory Opinion No. 102 explains that when judges are sued in their official capacity, it is not uncommon for their legal representation to be provided by the Department of Justice and that such representation does not provide a basis for recusal from other unrelated cases in which the Department of Justice is involved.  In the opinion of the Committee, "a judge's impartiality cannot reasonably be questioned in unrelated matters handled by the Department of Justice simply because the Department provides representation in a lawsuit naming the judge in an official capacity.  When accepting representation by the Department of Justice, a judge is not choosing a personal attorney, and the Department of Justice is not the same as a private law firm."  Guide to Judicial Policies and Procedures, Codes of Conduct for Judges and Judicial Employees- Volume II, Chapter 4: Committee on Codes of Conduct, Advisory Opinion No. 102, issued January 10, 2002.

Here, not only is the prior litigation now long over, but a different attorney with the Department of Justice is representing the defendant in this case.  Thus, the undersigned's prior representation by the Department of Justice, which now represents defendant, does not provide a basis for recusal.  Likewise, because the undersigned's representation by the Department of Justice is not treated the same as representation by a private law firm, the mere fact that the defendant before the Court was named as a defendant in the earlier now dismissed litigation and was represented by the same counsel as the undersigned in that

3

earlier action does not provide a basis for recusal. Moreover, the defendant Postmaster is named in his official capacity and is a party with whom the undersigned has no relationship whatsoever.

In considering whether a judge's impartiality might reasonably be questioned, the Committee suggests consideration of several factors including "the nature of the complaint, the applicable law, the possibility of factual issues involving the credibility of the named judge, and any other circumstance that might provide a reasonable ground for questioning the impartiality of the assigned judge." Id. at Advisory Opinion No. 103, issued July 12, 2002. Advisory Opinion No. 103 additionally states that "when a litigant who previously filed a complaint naming a judge subsequently files an unrelated case against others that is assigned to the named judge," the judge is not disqualified from presiding over the unrelated matter. Id. Accordingly, for these reasons, it is hereby

**ORDERED**:

Plaintiff's Motion for Recusal and Reassignment (Doc. 7) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of May, 2005.

_____
**TIMOTHY J. CORRIGAN**
United States District Judge

s.
Copies:

counsel of record
pro se parties

4